KARNES, Respondent, vs. KARNES, Appellant.

*September 16—October 5, 1909.*

*Appeal: Findings: Divorce: Desertion.*

1. Where the trial court made no specific findings of fact, but found generally that the allegations of the complaint were proven and true, it will be assumed, on appeal, that it found in plaintiff's favor upon all controverted questions of fact.
2. In an action for divorce a finding that defendant wilfully deserted plaintiff for the statutory period is *held* not so clearly against the preponderance of the evidence as to warrant reversal of the judgment.

APPEAL from a judgment of the circuit court for Dunn county: E. W. HELMS, Circuit Judge. *Affirmed.*

The appeal is from a judgment granting a divorce upon the ground of wilful desertion for the period of one year next preceding the commencement of the action.

For the appellant there was a brief signed by *J. W. Macauley*, attorney, and *Thomas Carmody*, of counsel, and oral argument by *Mr. Macauley*.

*J. R. Mathews*, for the respondent.

BARNES, J. The defendant seeks a reversal on two grounds: (1) Plaintiff failed to establish the fact that he was a resident of Wisconsin for the period of one year prior to the commencement of the action; and (2) the evidence failed to establish wilful desertion.

The first ground of error may be dismissed by asserting that the evidence was ample to establish the fact that plaintiff was a resident of the state the requisite length of time before bringing his action.

The second ground of error is more substantial. There was direct conflict in the testimony offered by the respective parties on most of the material matters testified to. The court made no specific findings of fact, but found generally that the allegations of the complaint were proven and true. We must assume that it found all controverted questions of fact in favor of the plaintiff. It was not denied that defendant deserted the plaintiff about two weeks before he left New York and came to Wisconsin. It is likewise true that defendant returned to plaintiff's home about eight days after she left, but the evidence would amply justify a finding by the court to the effect that she did not return for the purpose of living with her husband, but for the purpose of securing her clothing and personal effects. It is also true that the plaintiff never advised the defendant of his whereabouts, or sent her any money or provided for her support after he left the state of New York, except as she realized a small sum of money from some property which he had at the time of his

departure. But the defendant did desert the plaintiff before he left New York, and without just cause, as the court found, and as it had a right to find on the testimony. The defendant does not claim that she was ever either ready or willing to resume her marital relations with plaintiff, except as she testified that she returned to his home. As already said, the court was warranted in finding that she did not return for the purpose of living with plaintiff. Upon the state of the record we cannot say that the finding by the court of wilful desertion on the part of the defendant for the statutory period was so clearly against the preponderance of the evidence as to warrant this court in reversing the judgment.

*By the Court.*—Judgment affirmed.